## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## Wheeling

**DEONTAY BYAS,**

      Petitioner,

    v.                                         **Civil Action No. 5:23-CV-355**
                                                Judge Bailey

**WARDEN RAY,**

      Respondent.

## REPORT AND RECOMMENDATION

### I. Introduction

On December 8, 2023, the *pro se* petitioner, Deontay Byas ("petitioner"), filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. [Doc. 1]. Petitioner is a federal inmate housed at FCI Hazelton in Bruceton Mills, West Virginia, and is challenging the Bureau of Prisons' ("BOP") calculation of his sentence. On February 28, 2024, the respondent filed a Motion to Dismiss, or in the Alternative, for Summary Judgment. [Doc. 14]. On March 25, 2024, petitioner filed a response to the Motion. [Doc. 21]. This matter is assigned to the Honorable John Preston Bailey, United States District Judge, and is referred to the undersigned United States Magistrate Judge to make proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned recommends that the motion to dismiss be granted and this case be dismissed with prejudice.

## II. Factual and Procedural History

**A.      State Convictions and Sentences**

On September 25, 2019, petitioner was arrested by the State of Ohio on charges of trafficking, drug possession and possession of criminal tools in Case No. CR-19-639419-A.  *See* [Doc. 14-3 at 4–5, 21].  On December 3, 2019, he was sentenced to a 2-year term of imprisonment, with 79 days of jail credit.[1]  [Id.].  Then, on April 15, 2020, petitioner was sentenced in another state criminal case in Lake County, Ohio, Case No. 20CR00013, for failure to comply with order or signal of police officer; petitioner was sentenced to 12 months imprisonment, to be served consecutively to Case No. CR-19-639419-A.  [Id. at 27–28].

Following an appeal, petitioner's sentence in CR-19-639419-A was vacated, and on June 29, 2022, petitioner was resentenced to only 60-days imprisonment.  [Id. at 6].

**B.      Federal Conviction and Sentence**

Meanwhile, petitioner was facing drug-related charges in the Northern District of Ohio.  *See* ***USA v. Byas, et. al***, 1:20-CR-00039-DAP-1 (N.D. Oh. 2020)[2].  During that case, on March 28, 2022, the district Court had sentenced petitioner to six months imprisonment for criminal contempt.  *See **Id.*** at [Doc. 207].  Then, on May 4, 2022,

---

[1] As the Government notes, petitioner was also arrested pursuant to a state probation violation; however, probation was terminated at sentencing and does not affect petitioner's claims in this case.

[2]  The information on petitioner's federal criminal case is available on PACER.  *See* ***United States v. Byas, et al***, 1:20-CR-00039-DAP-1 (N.D. Oh. 2020).  ***Philips v. Pitt Cnty. Mem. Hosp.***, 572 F. 3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); ***Colonial Penn. Ins. Co. v. Coil***, 887 F.2d 1236, 21239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

petitioner had entered a plea of guilty, pursuant to a plea agreement, to: Count One, conspiracy to possess with intent to distribute controlled substances in violation of 21 U.S.C. § 846; Count Two, possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(ii); and Count Five, possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B).  *Id*. at [Docs. 221 & 222].  On August 16, 2022, petitioner was sentenced to a total term of 91 months, which included one additional month for the previous contempt order.  *Id*. at [Doc. 246].  Petitioner did not file an appeal.  According to the Bureau of Prisons' ("BOP") website, petitioner's **projected** release date, via good conduct time, is April 16, 2028.

**C.    The Instant Petition**

In his petition, petitioner challenges the BOP's calculation of his sentence, claiming that the BOP has unlawfully denied him credit for time served.  Specifically, he alleges that his plea agreement stated that his federal sentence would be credited as starting September 25, 2019, and that the sentencing court accepted the plea agreement and stated at sentencing that his sentence would be credited from September 25, 2019.[3]  Despite this, he alleges the BOP refuses to credit his sentence back to that date.

On February 28, 2024, respondent filed a Motion to Dismiss the Petition, or in the Alternative, for Summary Judgment.  [Doc. 14].  In its memorandum in support, the Government argues that the BOP has correctly credited petitioner with 501 days of prior custody credit, but that petitioner is not entitled to all of the time from September 25, 2019, until his sentence began.  Specifically, petitioner is not entitled to credit toward his federal

---

[3] Petitioner attaches to his petition a page from his sentencing transcript which includes the sentencing judge stating that petitioner would receive credit for time served dating back to September 25, 2019.  [Doc. 1-3 at 3].

sentence for the periods of September 25, 2019, through November 12, 2019, and April 15, 2020, to April 14, 2021; during these periods, petitioner was serving state sentences.

On March 25, 2024, petitioner filed a response. [Doc. 21]. In his response, petitioner reiterates that he was sentenced "with time served from 9/25/19 as agreed by all parties" and argues he is thus entitled to 35 months prior custody credit. He further argues that his six-month federal sentence for contempt ran concurrent to a portion of his federal sentence.

### III.  Legal Standard

**A.  Motion to Dismiss for Lack of Subject Matter Jurisdiction**

A party may move to dismiss an action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). The burden of proving subject matter jurisdiction on a Rule 12(b)(1) motion to dismiss is on the party asserting federal jurisdiction. A trial court may consider evidence by affidavit, deposition, or live testimony without converting the proceeding to one for summary judgment. ***Adams v. Bain***, 697 F.2d 1213, 1219 (4th Cir. 1982); ***Mims v. Kemp***, 516 F.2d 21 (4th Cir. 1975). Because the court's very power to hear the case is at issue in a Rule 12(b)(1) motion, the trial court is free to weigh the evidence to determine the existence of its jurisdiction. No presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. *See **Materson v. Stokes***, 166 F.R.D. 368, 371 (E.D. Va. 1996). Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action. *See* Fed. R. Civ. P. 12(h)(3).

B.     **Motion to Dismiss for Failure to State a Claim**

A complaint must be dismissed if it does not allege "'enough facts to state a claim to relief that is plausible on its face.' **Bell Atl. Corp. v. Twombly**, 550 U.S. 554, 570 (2007) (emphasis added)." **Giarratano v. Johnson**, 521 F.3d 298, 302 (4th Cir. 2008). When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiffs, and must view the allegations in a light most favorable to the plaintiffs. **Edwards v. City of Goldsboro**, 178 F.3d 231, 243–44 (4th Cir. 1999).

When rendering its decision, the Court should consider only the allegations contained in the Complaint, the exhibits to the Complaint, matters of public record, and other similar materials that are subject to judicial notice. **Anheuser-Busch, Inc. v. Schmoke**, 63 F.3d 1305, 1312 (4th Cir. 1995).  In **Twombly**, the Supreme Court, noting that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," Id. at 555, upheld the dismissal of a complaint where the plaintiffs did not "nudge[ ] their claims across the line from conceivable to plausible." *Id*. at 570.

This Court is well aware that "[m]atters outside of the pleadings are generally not considered in ruling on a Rule 12 Motion." **Williams v. Branker**, 462 F. App'x 348, 352 (4th Cir. 2012).  "Ordinarily, a court may not consider any documents that are outside of the Complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." **Witthohn v. Fed. Ins. Co.**, 164 F. App'x 395, 396 (4th Cir.

2006). However, the Court may rely on extrinsic evidence if the documents are central to a plaintiff's claim or are sufficiently referred to in the Complaint. *Id*. at 396–97.

**C.     Motion for Summary Judgment**

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see* ***Celotex Corp. v. Catrett***, 477 U.S. 317, 322 (1986). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 248 (1986). Thus, the Court must conduct "the threshold inquiry of determining whether there is the need for a trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." ***Anderson***, 477 U.S. at 250.

Additionally, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts*.*" ***Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.***, 475 U.S. 574, 586 (1986). That is, once the movant has met its burden to show absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence demonstrating there is indeed a genuine issue for trial. Fed. R. Civ. P. 56(c); ***Celotex Corp.***, 477 U.S. at 323–25; ***Anderson***, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." ***Anderson***, 477 U.S. at 249 (citations omitted).

…

Finally, this Court notes that pro se allegations are held to a less stringent standard than those drafted by lawyers and must be liberally construed. **Haines v. Kerner**, 404 U.S. 519, 520 (1972); **Hudspeth v. Figgins**, 584 F.2d 1345, 1347 (4th Cir. 1978).

## IV. <u>Discussion</u>

The undersigned finds that the petition should be dismissed with prejudice because the time period for which petitioner seeks credit has already been credited by the BOP or was credited toward his state sentences.

Here, petitioner received two federal sentences. First, on March 28, 2022, the Northern District of Ohio sentenced petitioner to a six-month term of custody for criminal contempt. **USA v. Byas, et. al**, 1:20-CR-00039-DAP-1, [Doc. 207] (N.D. Oh. March 28, 2022). Despite petitioner's argument that this sentence was in some way concurrent to a portion of his later federal sentence, the Court's order imposing this sentence explicitly stated "This sentence will not be credited toward time served for any conviction resulting from the instant prosecution." *Id*. Then, on August 16, 2022, petitioner was sentenced to a total term of 91 months. *Id*. at [Doc. 246]. Thus, petitioner's total federal sentence is 97 months. Under 18 U.S.C. § 3585(a),

> A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

18 U.S.C. § 3585(a). Further, under BOP Program Statement 5880.28, "In no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed." Thus, in this case, petitioner's sentence commenced when the first federal sentence was imposed, on March 28, 2022.

7

Petitioner was initially arrested on September 25, 2019, and he remained in state or federal custody up until his sentencing. The calculation of credit for time spent in prior custody is set forth in 18 U.S.C. § 3585:

> Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> **that has not been credited against another sentence**.

18 U.S.C. § 3585(b) (emphasis added). Petitioner seeks credit for the entire period from September 25, 2019, up until his federal sentence commenced. However, there are two periods of time for which petitioner is not entitled to receive credit because the time spent in detention has already been credited toward a state sentence.

First, petitioner is not entitled to receive credit for the time spent serving his state sentence for Case No. CR-19-639419-A. Although petitioner was originally sentenced to a two-year term of imprisonment, following remand, he was resentenced to a 60-day term of imprisonment, which he had already served. *See* [Doc. 14-3 at 4, 6]. Under BOP Program Statement 5880.28, if a prior sentence was vacated for resentencing, "If the resentencing results in a term which is less than the time the inmate has already served on the vacated sentence, the excess time not now credited to any other sentence shall be credited." Here, after resentencing, petitioner's sentence in CR-19-639419-A was for 60 days; 11 days were served prior to September 25, 2019, and the BOP calculated that the period from September 15, 2019, through November 12, 2019, fulfilled the remainder of that state sentence.

8

Second, petitioner is not entitled to receive credit for the time spent serving his state sentence for Case No. 20CR000013, for which petitioner served one year in state custody from April 15, 2020, until April 14, 2021.

Therefore, beginning at date of petitioner's arrest on September 25, 2019, he is not entitled to receive credit from September 25, 2019, until November 12, 2019, a period of 49 days credited toward his sentence in Case No. CR-19-639419-A.  Petitioner is then entitled to receive credit toward his current sentence for the period from November 13, 2019, until April 14, 2020, a period of 154 days.  Then, from April 15, 2020, until April 14, 2021, petitioner is not entitled to receive credit as he was serving his sentence in Case No. 20CR000013.  Finally, petitioner is entitled to credit for the remaining period up until his federal sentence, from April 15, 2021, until March 27, 2022, or 347 days.  Thus, petitioner is entitled to, and has received, 501 days of prior custody credit.  Petitioner has already received this credit toward his sentence, and the undersigned finds that he is not entitled to further credit as he was serving his state sentences.

To the extent petitioner contends that the sentencing judge's statement at sentencing supersedes the BOP's calculation, this argument is without merit.  As petitioner points out, at sentencing the sentencing judge indicated that petitioner was entitled to credit from September 25, 2019:

[Prosecutor]: …

And as the Court has mentioned, you will get credit for time served as calculated by the BOP.  And that's what we're discussing.  Whether it was two years, three years, whatever it is, it's going to be right.

THE COURT: It's since September 25th of 2019.

THE DEFENDANT: Yes, sir.

[Doc. 14-3 at 74]. First, the undersigned notes that upon review of the totality of the sentencing transcript, it does not appear that the sentencing judge intended to indicate that the petitioner would receive credit for the entire period *regardless of state sentences*. Earlier in the sentencing, the judge had stated:

> The BOP's going to --
> All right. There's this period of custody. I don't know, is that going to be --
> is that going to be credited toward some state sentence he had?

[Id. at 69]. Further, when speaking to petitioner's mother:

> MS. BYAS: . . . I just want to say he's been in here since September 2019.
>
> THE COURT: Well, I understand that, but there was a period he's in state custody, so the BOP will figure that out, ma'am.

[Id. at 70]. Second, regardless of the sentencing judge's intent, the determination of prior custody credit under 18 U.S.C. § 3585(b) is to be computed by the Attorney General, through the BOP, and not the District Court. **United States v. Wilson**, 503 U.S. 329, 333 (1992).

## V. Recommendation

For the foregoing reasons, it is hereby recommended that the Motion to Dismiss [**Doc. 14**] be **GRANTED** and the petition be **DENIED** and **DISMISSED WITH PREJUDICE**. Further, because petitioner has paid the filing fee in this case, the undersigned recommends that the Motion for Leave to Proceed *in forma pauperis* [**Doc. 2**] be **DENIED AS MOOT**.

Within fourteen (14) days after being served with a copy of this report and recommendation, the petitioner may file with the Clerk of Court **specific written objections identifying those portions of the recommendation to which objection is made and the basis for such objections**. A copy of any objections shall also be

submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the Petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. In addition, because this Report and Recommendation completes the referral from the District Court, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

**DATED**: April 2, 2024.

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE