IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**DEONTAY BYAS,**

        Petitioner,

v.                                             **Civil Action No. 5:23-CV-355**
                                                           Judge Bailey

**WARDEN RAY,**

        Respondent.

**ORDER ADOPTING REPORT AND RECOMMENDATION**

The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Mazzone [Doc. 22]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on April 2, 2024, wherein he recommends that respondent's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment be granted and the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 be dismissed with prejudice. For the reasons that follow, this Court will adopt the R&R.

**I. BACKGROUND[1] & STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the

---

[1]This Court fully adopts and incorporated herein the "Factual and Procedural History" section of the R&R. *See* [Doc. 22 at 2–4].

1

factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." **Orpiano v. Johnson**, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. **Haines v. Kerner**, 404 U.S. 519, 520 (1972); **Gordon v. Leeke**, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. Petitioner filed objections on April 15, 2024. Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

## II. DISCUSSION

This case stems from petitioner's belief that the BOP has unlawfully denied him credit for time served. In the R&R, Magistrate Judge Mazzone found that "the time period

for which petitioner seeks credit has already been credited by the BOP or was credited toward his state sentences." [Doc. 22 at 7].

In his objections, petitioner contends that he should receive time-served from September 25, 2019, to August 16, 2022. [Doc. 24 at 3]. Petitioner also contends that the BOP added six (6) months to his sentence for contempt of court but the sentencing judge never sentenced him to six months for contempt of court. [Id.].

Petitioner received two (2) federal sentences. First, on March 28, 2022, petitioner was sentenced to six (6) months for criminal contempt. *USA v. Byas, et al*, 1:20-CR-00039-DAP-1, [Doc. 207] (N.D. Ohio Mar. 28, 2022). Second, on August 16, 2022, petitioner was sentenced to custody of the Bureau of Prisons for a term of 91 months. *Id.* at [Doc. 246]. As mentioned above, on March 28, 2022, petitioner received a six (6) month sentence for criminal contempt of court. See *Byas,* 1:20-CR-00039-DAP-1 at [Doc. 207] (stating "the Court imposes a term of six-months custody of the Bureau of Prisons for criminal contempt of Court."). This sentence was not to run concurrent with his later imposed federal sentence as the Court's Order explicitly stated "[t]his sentence will not be credited toward time served for any conviction resulting from the instant prosecution." *Id.* at 2.

This Court will now turn to petitioner's argument that he should receive credit for time served from September 25, 2019, to August 16, 2022.

Under 18 U.S.C. § 3585(a),

A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to

3

commence service of sentence at, the official detention facility at which the sentence is to be served.

18 U.S.C. § 3585(a). Further, under BOP Program Statement 5880.28, "In no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed." Thus, in this case, petitioner's sentence commences when the first federal sentence was imposed, on March 28, 2022.

The calculation of credit for time spent in prior custody is set forth in 18 U.S.C. § 3585:

> Credit for prior custody.– A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> ***that has not been credited against another sentence.***

18 U.S.C. § 3585(b) (emphasis added).

Accordingly, as the magistrate judge summarized:

beginning at the date of petitioner's arrest on September 25, 2019, he is not entitled to receive credit from September 25, 2019, until November 12, 2019, a period of 49 days credited towards his sentence in Case No. CR-19-639419-A. Petitioner is then entitled to receive credit toward his current sentence for the period from November 13, 2019, until April 14, 2020, a

4

period of 154 days. Then, from April 15, 2020, until April 14, 2021, petitioner is not entitled to receive credit as he was serving his sentencing in Case No. 20CR000013. Finally, petitioner is entitled to receive credit for the remaining period up until his federal sentence, from April 15, 2021, until March 27, 2022, or 347 days. Thus, petitioner is entitled to, and has received, 501 days of prior custody credit. Petitioner has already received this credit toward his sentence.

[Doc. 22 at 9]. In sum, petitioner is not entitled to further credit for the time he was serving his state sentences for Case No. CR-19-639419-A and for No. 20CR000013. Thus, this Court agrees with Magistrate Judge Mazzone that the time period for which petitioner seeks credit has already been credited by the BOP or was credited toward his state sentences. As such, the petitioner's claim that the BOP has unlawfully denied him credit for time served is without merit.

Petitioner also objects to the magistrate judge's finding that the sentencing judge did not intend to give him time served. [Doc. 24 at 1]. Petitioner argues that the "BOP must honor any sentencing or other terms outlines in the plea deal." [Id]. Moreover, petitioner argues that if the Court will not sentence him to time-served, then his plea was not voluntarily and knowingly entered into. [Id. at 2]. However, as the magistrate judge pointed out, regardless of the sentencing judge's intent, the determination of prior custody credit under 18 U.S.C. § 3585(b) is to be computed by the Attorney General, through the BOP, and not the District Court. ***United States v. Wilson***, 503 U.S. 329, 333 (1992).

## CONCLUSION

The magistrate judge's R&R [**Doc. 22**] is hereby **ORDERED ADOPTED**. Petitioner's Objection to Magistrate Recommendation [**Doc. 24**] is **OVERRULED**. Respondent's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [**Doc. 14**] is hereby **GRANTED** and petitioner's petition [**Doc. 1**] is **DENIED** and **DISMISSED WITH PREJUDICE**. Further, the Motion for Leave to Proceed *in forma pauperis* [**Doc. 2**] is **DENIED AS MOOT**. The Clerk is instructed to strike this matter from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner via certified mail, return receipt requested.

DATED: April 16, 2024.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE